UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:13-cr-91 JD |
| ) | |
| ERIC GAINER ) | |

**OPINION AND ORDER**

Now before the Court is the Defendant's Motion in Limine Due to Recent Production. [DE 70]. The government has responded in opposition [DE 71], and has also provided the Court with a copy of the audio recording at issue [DE 73]. The Defendant has replied. [DE 72]. For the following reasons, the motion is GRANTED in part and DENIED in part.

The Defendant is charged under 18 U.S.C. § 922(a)(6) with making several false statements on an ATF Form 4473, one of them being that he was not subject to a restraining order when he allegedly was subject to such an order. [DE 48]. The ATF Form defines a restraining order as one that, *inter alia*, "was issued after a hearing which the person received actual notice of and had an opportunity to participate in." This language tracks the statutory elements of a restraining order that would prohibit an individual from possessing a firearm. 18 U.S.C. § 922(g)(8). The restraining order against the Defendant upon which the government bases the charge was initially entered as an *ex parte* Protective Order, and prohibited the Defendant from committing acts of domestic or family violence or stalking against his ex-wife. [DE 42-1]. In a previous order on a motion in limine relative to this Protective Order, the Court held that the fact that the order was issued *ex parte* in the first instance did not mean that it could not later satisfy this definition if the Defendant subsequently received actual notice of a hearing in which he had the opportunity to participate. [DE 52 (citing *United States v. DuBose*, 598 F.3d 726 (11th Cir. 2010) (concluding that a restraining order that was initially issued *ex parte*, but

1

that was later reaffirmed by a court order after a hearing of which the defendant had notice and at which he had an opportunity to participate, could satisfy this element based on the plain language of the statute))]. To establish that element, the government cited a docket entry from the Defendant's divorce case documenting a hearing that occurred on June 16, 2011, several weeks after the *ex parte* Protective Order was entered. The docket indicates that the Defendant was present at the hearing and that the court ordered the Protective Order to remain in place. Because that suggested that the Defendant may have received the requisite notice and an opportunity to participate, this Court declined to exclude the Protective Order as insufficient to prove the falsity of the Defendant's statement.

Shortly before trial, the government acquired an audio recording of the June 16, 2011 hearing, which it intends to offer to establish that the Defendant had an opportunity to participate in the hearing so as to satisfy the applicable definition on the ATF Form. The recording is nearly 35 minutes long, and addresses many matters unrelated to the Protective Order. In response, the Defendant filed the present motion, which first seeks to exclude the entirety of the recording as irrelevant and as unduly prejudicial. In addition, the Defendant further argues that the recording conclusively establishes that the Defendant did not actually have an opportunity to participate in the hearing, such that not only should the recording be excluded, but the Protective Order should be excluded in its entirety due to the government's inability to establish that element of a restraining order. The government's response to this motion states that, based on the Defendant's subsequent stipulation that he was present at the hearing in question, it would agree not to play the recording at trial at all unless the Defendant argued that the hearing did not provide him with the requisite notice and opportunity to participate.[1] [DE 71-1]. The Defendant's reply makes

---

[1] The Court notes that the Second Stipulation of Facts and Essential Elements omits the date of the hearing at which the Defendant is stipulating his presence.

clear that he does not concede that he received an opportunity to participate in the hearing. In addition, the government has proposed excerpts of the recording to play in the event that it does offer it into evidence.

In resolving these disputes, the Court first addresses Defendant's argument that the hearing demonstrates that he did not have an "opportunity to participate" in the hearing, as required by the ATF Form. The Defendant argues that no testimony was taken as to the validity of the Protective Order, no evidence was produced, and no future hearing date was set despite the Defendant's statement that he desired to challenge the order, which he argues shows that he was not actually provided with an opportunity to participate at the hearing. The Court finds, however, that the Defendant is reading more into the language "opportunity to participate" than the plain language of the provision requires. The ATF Form simply requires that the restraining order have issued "after a hearing which the person . . . had an opportunity to participate in." This does not require the opportunity to formally present evidence or witnesses, as the Defendant suggests (though the recording suggests that both in fact occurred at this hearing, albeit in a less formal manner). Rather, it means merely what it says—the opportunity to participate in the hearing. A jury could find based on the recording that the Defendant had exactly that, as he in fact participated in the hearing and objected to the Protective Order, even though the judge ultimately sustained the Order.

Other courts, including the Seventh Circuit, have interpreted this language in the same manner. Specifically, in *United States v. Wilson*, 159 F.3d 280, 290 (7th Cir. 1998), a defendant who had been convicted of being a prohibited person in possession of a firearm argued that the restraining order underlying his conviction was inapplicable because he had not received an opportunity to participate in the hearing. *Id.* At the hearing in question, the judge had explained

3

the protective order to the defendant, who was unrepresented, and asked him if he could live by its terms. *Id.* The defendant responded affirmatively, and the judge moved on other matters without any further discussion of the protective order. *Id.* The Seventh Circuit held that this sufficed as an opportunity to participate, stating that the defendant "could also have told the judge that he disagreed with the order and given his reasons therefor," even though he did not. *Id.* All that was required, the Court concluded, was that the defendant was competent to lodge an objection and that "he was given the ability to do so." *Id.* The Ninth Circuit, citing *Wilson*, reached the same conclusion:

> [W]e agree that the plain text of the statute indicates that the 'opportunity to participate' requirement is a minimal one. The prosecution must only show an opportunity to participate; that is, a proceeding during which the defendant *could* have objected to the entry of the order or otherwise engaged with the court as to the merits of the restraining order.

*United States v. Young*, 458 F.3d 998, 1009 (9th Cir. 2006).[2] For these reasons, the Court concludes that the recording could establish that the Defendant had the requisite notice and opportunity to participate in the hearing, so the Court must deny the motion in limine to the extent it seeks to exclude the recording or the Protective Order on relevance grounds.

The Court accordingly turns to the Defendant's objection that the recording is unduly prejudicial and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Under Rule 403, "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

---

[2] Though the Defendant does not expressly challenge the "actual notice" element, *Young* addressed that argument as well: "In essence, Young reads the statute as requiring 'actual notice *that a restraining order might issue*.' But that is emphatically *not* what the statute says. . . . The statute does not require notice of the fact that a restraining order would issue, nor does it require any other form of 'advance' notice." *Young*, 458 F.3d at 1006. Here, it appears that the Defendant had notice of the hearing—he was there—so even if he first learned of the Protective Order at the hearing, that would not necessarily prevent the hearing from satisfying this requirement.

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the Defendant is undoubtedly correct that many portions of the recording contain discussion that would be irrelevant and highly prejudicial, such as discussions of criminal charges against the Defendant, his possession of a gun, drug and alcohol abuse, and interference with visitation with the Defendant's children. The government's proposed excerpts omit some, but not all, of this irrelevant and prejudicial material. Portions of the recording that the government proposes to play include discussions of unrelated criminal charges against the Defendant, a No Contact Order that this Court has already conditionally excluded from this case, and allegations of stalking, harassment, and threatening text messages, for example. These portions have little additional probative value to whether the Defendant had an opportunity to participate in the hearing, and that limited probative value is substantially outweighed by the prejudicial effect of this inflammatory material. However, the remaining excerpts proposed by the government omit such prejudicial content, and are material to the government's need to demonstrate that the Defendant had an opportunity to participate in the hearing.

Accordingly, should the government see fit to offer the recording into evidence, the Court will permit it to play the following excerpts: 0:00 – 0:56; 1:43 – 2:00; 26:03 – 26:47; 30:53 – 31:24; 32:44 – 32:48; and 33:09 – 33:32. The parties may raise further objections or request that additional excerpts be played if they identify those portions with specificity and provide argument and authority for why those specific portions should or should not be introduced. The Defendant also remains free to request that additional portions of the recording be played to provide appropriate context to the portions that the government introduces.

SO ORDERED.

ENTERED:  April 15, 2014

                                            /s/ JON E. DEGUILIO
Judge
United States District Court